UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN MALTA and VALERIE MALTA

          Plaintiffs,

   v.                                            **DECISION & ORDER**
                                                     05-CV-342S

RICHARD E. SLAGLE, Individually and as
Mayor of the Village of Celoron, New York,
THOMAS BARTOLO, Individually and as Deputy
Mayor and Mayor of the Village of Celoron, New
York, WARREN GERTSCH, Individually and as
Deputy Mayor and Trustee, JOHN ECKHOLM,
Individually and as Trustee, KYLIE ROSS,
Individually and as Trustee, VIKIE STRONG,
Individually and as Village Clerk of the Village of
Celoron, New York, THE BOARD OF
TRUSTEES OF THE VILLAGE OF CELORON,
NEW YORK, and GREG OSMAN, Individually
and as Code Enforcement Officer of the Village
of Celoron, New York,

          Defendants.

## I. INTRODUCTION

In this action, Plaintiffs bring a claim under 42 U.S.C. § 1983 alleging that defendants have violated their First Amendment, Due Process, and Equal Protection rights by preventing them from speaking at or making video recordings of public meetings of the Celoron Village Board of Trustees.  Presently before this Court is Plaintiffs' motion for

1

summary judgment on liability for their First Amendment and Equal Protection claims.[1] For the following reasons, Plaintiffs' motion for summary judgment is denied.

## II. BACKGROUND

**A.    Facts**

The following facts are undisputed for purposes of the present motion, except where indicated. Plaintiffs are residents of the Village of Celoron, New York. (Plaintiffs' Rule 56.1 Statement ("Pls.' State."), ¶ 1). The Village of Celoron Government includes a Board of Trustees (the "Board"), which periodically conducts public meetings. (Pls.' State., ¶¶ 2, 12). Plaintiffs began regularly attending Board meetings following Plaintiff Brian Malta's unsuccessful campaign for Village Trustee in 2004. (Pls.' State., ¶¶ 10-11). Plaintiff Brian Malta ran for Village Trustee again in 2005, and continued attending Board meetings with his wife, Plaintiff Valerie Malta. (Brian Malta Affidavit, ¶ 7).

Plaintiffs allege that the Board has prevented them from speaking at Board meetings. (Pls.' State., ¶¶ 14-16). Defendants concede that Mayor Richard Slagle ruled Brian Malta out of order at a Board meeting in February of 2005, because Malta, a candidate for office, was attempting to engage in political debate. (O'Connor Affidavit, ¶ 19). At some time in early 2005,[2] the Board adopted Resolution 14-2005 which provided

---

[1] In support of their motion, Plaintiffs submitted a memorandum of law, a statement of undisputed facts pursuant to Local Rule 56.1, an Affidavit by Brian Malta, and an Affidavit by Valerie Malta. In opposition to Plaintiffs' motion, Defendants submitted a memorandum of law, and an Affidavit by Gerard O'Connor, Esq. In reply, Plaintiffs submitted a reply memorandum of law, and a reply affidavit by David Seeger, Esq.

[2] Plaintiffs contend that Resolution 14-2005 was adopted on February 28, 2005, and was invoked when Mayor Slagle ruled Brian Malta out of order. (Pls.' State., ¶¶ 13-16). Defendants contend that Resolution 14–2005 was adopted on April 11, 2005, as is indicated in the Board meeting minutes. (O'Connor Affidavit, ¶ 21 and Ex. N).

that "[t]he Mayor shall have the right to rule out of order anyone who attempts to raise issues that are of an offensive nature, are strictly political in content or are designed to insult or embarrass an individual or group of individuals." (Pls.' State., ¶ 14).

On April 25, 2005, the Board adopted Resolution 16-2005, which prohibited the use of video recorders at Board meetings, except by members of the press. (Pls.' State., ¶ 17). Pursuant to Resolution 16-2005, Plaintiff Valerie Malta has not been permitted to videotape Board meetings. (Pls.' State., ¶¶ 17-23; O'Connor Affidavit, ¶ 27). Although she cannot make video recordings, Valerie Malta has reportedly made an audio recording of almost every Board meeting since April of 2004, and asserts that she maintains a library of the tapes.[3] (Valerie Malta Affidavit, Ex. A, p. 7).

### B.  Procedural History

Plaintiffs commenced this action on May 16, 2005, by filing a Complaint in the United States District Court for the Western District of New York. The Complaint alleges that Defendants prevented Plaintiffs from speaking at and videotaping Board meetings in violation of Plaintiffs' rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause. On July 13, 2006, Plaintiffs filed a motion for summary judgment on liability for their First Amendment and Equal Protection claims. Plaintiffs' motion is currently before this Court.

---

[3] These tapes are not part of the record on this motion. Defendants contend that the tapes should have been turned over pursuant to numerous discovery requests. (O'Connor Affidavit, ¶ 22).

### III. DISCUSSION

**A.     Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  Id.  In a case where the non-moving party bears the ultimate burden of proof at trial, the movant may satisfy its burden by pointing to the absence of evidence supporting an essential element of the non-moving party's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

**B.     Claims regarding restrictions on speech at Board meetings**

Brian Malta claims that Defendants violated his First Amendment rights by prohibiting him from speaking at meetings of the Celoron Village Board of Trustees. Specifically, Brian Malta alleges (1) that resolution 14-2005 is facially unconstitutional; and (2) that the Board unconstitutionally prevented him from speaking at various Board meetings. Defendants respond (1) that the validity of 14-2005 is moot because the resolution has been superseded; and (2) that the Board has authority to limit the scope of public comment at a Board meeting.

**1.     Mootness**

Resolution 14-2005, Rule 11, provided that "[t]he Mayor shall have the right to rule out of order anyone who attempts to raise issues that are of an offensive nature, are strictly political in content or are designed to insult or embarrass an individual or group of individuals." (O'Connor Affidavit, Exhibit N). Resolution 14-2005 was superseded by Resolution 3-2006. (O'Connor Affidavit, Exhibit K). Plaintiffs do not contend in their Complaint that Resolution 3-2006 is unconstitutional, nor do they allege any instance where Brian Malta was declared out of order under Resolution 3-2006. Accordingly, this Court finds that Plaintiffs' claim for injunctive relief declaring Resolution 14-2005 unconstitutional is moot. See Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 377-378 (2d Cir. 2004).

**2.     First Amendment Claims**

Brian Malta recalls only one instance, which occurred while he was a candidate for Village Trustee in 2005, when he attempted to speak at a Board meeting and was ruled out of order. Brian Malta alleges that he has been prevented from speaking at Board

meetings on other occasions, but does not recall specific instances. Former Celoron Mayor Slagle recalled that at a Board meeting prior to the 2005 Village Trustee election, he requested that all candidates present at the meeting refrain from political debate prior to the time period allotted for public comment. Slagle recalled that following this instruction, Brian Malta began to question Deputy Mayor and mayoral candidate Thomas Bartolo regarding campaign literature. Slagle believed that Brian Malta was attempting to engage in political debate, asked him to stop, and declared him out of order.

Based on the recollections of Brian Malta and Mayor Slagle, this Court finds that there is an issue of material fact as to when, how often, and under what circumstances Brian Malta was prevented from speaking at Board meetings. This Court must therefore deny Plaintiffs' motion for summary judgment on the claim that Defendants unconstitutionally restricted plaintiffs' speech.

While there is a question of fact as to how often Plaintiffs were prevented from speaking, Defendants concede that at a 2005 Board meeting, Mayor Slagle instructed Brian Malta not to engage in political debate and ruled him out of order. When viewed in the light most favorable to defendants, this Court finds that Slagle's actions at the 2005 Board meeting were not improper.

Courts have generally held that a public meeting of an elected municipal board, such as a meeting of the Celoron Village Board of Trustees, is a limited public forum for the purposes of First Amendment analysis. See Bronx Household of Faith v. Board of Educ. of City of New York, 400 F. Supp. 2d 581, 590-91 (S.D.N.Y., 2005) (analyzing a city school board meeting as a limited public forum); Gagnon-Smith v. City of Middletown, 2004 WL 725666 (D. Conn. May 24, 2004) (analyzing a city common council meeting as a

limited public forum); Devine v. Vill. of Port Jefferson, 849 F.Supp. 185 (E.D.N.Y., 1994) (analyzing village board of trustees meeting as a limited public forum).

The First Amendment generally permits the government to exclude a topic from discussion in a limited public forum, provided that the exclusion is viewpoint neutral and reasonable. Good News Club v. Milford Cent. School, 533 U.S. 98, 106-07, 121 S. Ct. 2093 (2001) ("The State may be justified in reserving its forum for certain groups or for the discussion of certain topics"); Goulart v. Meadows, 345 F.3d 239, 259 (4th Cir. 2003) ("the government may limit a designated or limited public forum to certain purposes, and exclude topics of speech or classes of speakers that are inconsistent with that purpose"); See also City of Madison, Joint School Dist. No. 8 v. Wisconsin Employment, 429 U.S. 167, 175-76 & n.8, 97 S. Ct. 421 (1976) ("public bodies may confine their meetings to specified subject matter"). For instance, it is permissible to restrict a speaker at a public meeting to items on the meeting agenda, so long as the restriction is not motivated by disapproval of the speaker's message. Jones v. Heyman, 888 F.2d 1328, 1332 (11th Cir, 1989).

Viewing the evidence in the light most favorable to defendants, this Court finds that Slagle's action ruling Brian Malta out of order was viewpoint neutral and was a reasonable restriction necessary to maintain order at the Board meeting. The evidence shows that Brian Malta, while a candidate for public office, attempted to engage in political debate at a Board meeting, shortly after Mayor Slagle had instructed the candidates not to engage in political debate prior to the time allotted for public comment. Mayor Slagle ruled Brian Malta out of order for making political campaign remarks directed at another candidate. The evidence, when viewed in the light most favorable to Defendants, does not necessarily show that Mayor Slagle's action was motivated by any disapproval of Malta's viewpoint.

Thus, this Court must deny Plaintiffs' motion for summary judgment on liability on the claim that Slagle unconstitutionally restricted plaintiffs' speech at a 2005 Board meeting.

## C.    Claims regarding the prohibition of videotaping

Plaintiffs further contend that Defendants violated their First Amendment and Equal Protection rights by prohibiting Valerie Malta from videotaping Board meetings. Specifically, Plaintiffs contend (1) that Resolution 16-2004, the prohibition on videotaping, is facially unconstitutional; (2) that Plaintiffs have a right under the First Amendment to videotape public proceedings; and (3) that Resolution 16-2004 violates Plaintiffs' right to Equal Protection under the laws by creating an exception for members of the news media.

### 1.    Mootness

Resolution 16-2005 "prohibit[ed] the use of video recorders during the meetings of the [Board] without prior approval of the [Board]." (O'Connor Affidavit, Exhibit O). The Resolution further provided that the prohibition did not pertain to any "news media" that was covering the Board meeting. (O'Connor Affidavit, Exhibit O). Resolution 16-2005 was superseded by Resolution 2-2006, which permits the public to videotape Board meetings from a designated area. (O'Connor Affidavit, Exhibit J). Plaintiffs do not contend in their complaint that Resolution 2-2006 is unconstitutional, nor do they allege any instance where Resolution 2-2006 was invoked against Plaintiffs. Accordingly, this Court finds that Plaintiffs' claim for injunctive relief declaring Resolution 16-2005 unconstitutional is moot. See Lamar Advertising, 356 F.3d at 377-378.

### 2.    First Amendment Claim

The public has a general right of access to public proceedings under the First Amendment. See e.g. Whiteland Woods, L.P. v. Twp. of West Whiteland, 193 F.3d 177,

180 (3d Cir. 1999). The First Amendment, however, does not guarantee "unfettered access to government information." Id. at 182. States are not required "to accommodate every potential method of recording its proceedings, particularly where the public is granted alternative means of compiling a comprehensive record." Id. at 183; see also Combined Commc'ns Corp. v. Finesilver, 672 F.2d 818, 821 (10th Cir. 1982). In determining whether a restriction on access to a government proceeding is permissible, the critical question is whether the restriction meaningfully interferes with the public's ability to inform itself of the proceeding. See Whiteland Woods, 193 F.3d at 183.

Courts have generally held that there is no constitutional right to videotape public proceedings, particularly where the public has an alternative means of gathering information, such as making an audio recording or taking notes. See Rice v. Kempker, 374 F.3d 675 (8th Cir. 2004) ("hold[ing] that neither the public nor the media has a First Amendment right to videotape, photograph, or make audio recordings of government proceedings that are by law open to the public"); Whiteland Woods, 193 F.3d at 183-84 (finding no constitutional right to videotape meetings of a public planning commission where the public could take notes and make audio recordings); United States v. Kerley, 753 F.2d 617, 621 (7th Cir. 1985) (holding that the public has no right to videotape a criminal trial); Carlow v. Mruk, 425 F. Supp. 2d 225 (D.R.I. 2006) (holding that the public has no First Amendment right to videotape a public fire district meeting).

In the present case, Plaintiffs were permitted to make audio recordings of Board meetings and take notes of what transpired. A video tape recording of the meeting was therefore not necessary to receive and record the information conveyed by the Board and other speakers. Accordingly, this Court finds that Plaintiffs have failed to demonstrate that

the prohibition on video recording infringed on their rights under the First Amendment.

### 3. Equal Protection Claim

Plaintiffs further contend that Resolution 16-2005, which prohibited videotaping of Board meetings, violated their right to Equal Protection, because it contained an exception permitting members of the news media to videotape Board proceedings. Plaintiffs reason that this exception to the prohibition on videotaping impermissibly favored members of the news media over members of the general public.

In Equal Protection analysis, a law that neither infringes on a fundamental right, nor imposes a suspect classification, must be upheld if there is a rational basis for the law. F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313, 113 S. Ct. 2096 (1993). As discussed above, Plaintiffs do not have a fundamental right to videotape Board meetings. Furthermore, there is no allegation that the prohibition on videotaping imposed a suspect classification. Thus, the prohibition on video recording of Board meetings was permissible, provided that Defendants can show a rational basis for the law.

Defendants contend that the prohibition on videotaping was necessary due to the limited amount of space available in the Board meeting room, and the propensity of non-professionals operating a video recorder to disrupt proceedings by moving about the room. Courts have recognized that where space is limited, members of the media may be granted a preference in seating at a public proceeding. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 581 n.18, 100 S. Ct. 2814 (1980). Here, because there was a limited amount of space in the Board meeting room, and because individuals, like Valerie Malta, could be disruptive when videotaping the proceeding, the Board had a rational basis for excepting members of the media from the general prohibition on videotaping.


Defendants had a rational basis for restricting the use of video cameras at Board meetings, and the restriction neither burdened a fundamental right, nor imposed a suspect classification. Thus, Plaintiffs have failed to demonstrate any violation of their rights under the Equal Protection Clause, and this Court must deny Plaintiffs' motion for summary judgment as to the videotaping prohibition claim.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiffs are not entitled to summary judgment on liability for Plaintiffs' claims arising under the First Amendment and the Equal Protection Clause. Plaintiffs claims for injunctive relief declaring Resolutions 14-2005 and 16-2005 unconstitutional are moot. There is a material question of fact as to when, how often, and under what circumstances Defendants prevented Plaintiffs from speaking at Board meetings. Although Defendants concede that Mayor Slagle ruled Brian Malta out of order at a 2005 meeting for engaging in political campaign debate, the Board is permitted under the First Amendment to limit discussion at Board meetings to certain topics. As to the prohibition on videotaping, Plaintiffs have failed to demonstrate that the prohibition infringed on their First Amendment or Equal Protection rights.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 15) is DENIED.

SO ORDERED.

Dated:    March 26, 2007
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge