UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN MALTA and VALERIE MALTA,

           Plaintiffs,

v.                                       **DECISION AND ORDER**
                                              05-CV-342S

RICHARD E. SLAGLE, et. al.,

           Defendants.

       1.        On May 16, 2005, Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants had violated Plaintiffs' rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause of the Constitution. (Docket No. 1). Plaintiffs (two residents of the Village of Celoron) alleged in their Complaint that Defendants (various officials of the Village of Celoron) had prevented Plaintiffs from videotaping or speaking at Village Board meetings; had retaliated against Plaintiffs for political reasons; and had initiated frivolous administrative enforcement actions against Plaintiffs.

       2.        Following a jury trial conducted from June 17, 2008, through June 23, 2008, Plaintiffs were awarded damages totaling $22,500 on their claims for retaliation and denial of free speech. (Docket No. 88-89).

       Specifically, the Jury found that Defendants retaliated against Plaintiffs for activities protected under the First Amendment (in particular, Plaintiff Brian Malta's campaigns for public office in 2004 and 2005), and that this retaliation caused Brian Malta to suffer compensatory damages of $5,000 and caused Valerie Malta to suffer compensatory damages of $7,500. (Docket Nos. 88-89). The Jury also found that Defendants restricted Plaintiff Brian Malta from speaking at a public meeting in a manner that was unreasonable

or viewpoint-based, and that this restriction caused Plaintiff Brian Malta to suffer compensatory damages of $10,000. (Docket No. 89).

3. Presently before the Court is Defendants' Motion for a New Trial and to Set Aside the Verdict or in the alternative to Alter or Amend the Judgment. (Docket No. 95). Defendants argue the following: (A) that Plaintiff Brian Malta's improper testimony is grounds for a new trial under Rule 59; (B) that there was insufficient proof to support the jury's verdict on the second claim alleging that Plaintiff Brian Malta was restricted from speaking at public meetings; and (C) that there was insufficient proof to support the award of compensatory damages to Valerie Malta. (Defendants' Memorandum of Law, Docket No. 96). Plaintiffs have filed a response in opposition to Defendants' Motion. (Plaintiffs' Memorandum of Law, Docket No. 99). For the following reasons, Defendants' Motion is granted in part and denied in part.

**A.     Motion for New Trial due to Improper Testimony**

4. Rule 59(a) of the Federal Rules of Civil Procedure provides that: "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The Second Circuit has interpreted this language to mean that "[a]s a general matter a motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992).

As the Second Circuit explained in DLC Management:

> a new trial may be granted even if there is substantial evidence
> supporting the jury's verdict. Moreover, a trial judge is free to

>weigh the evidence himself, and need not view it in the light most favorable to the verdict winner. A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is "egregious." Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility.

163 F.3d at 133-34 (citing quoting <u>Song</u>, 957 F.2d at, 1047).

5. In the present case, Defendants move for a new trial pursuant to Rule 59(e) on the basis that improper testimony by Brian Malta "may have poisoned the jury to the point where a fair verdict for the [] Defendants was impossible." (Affidavit of Gerard O'Connor, Esq. ("O'Connor Affidavit"), Docket No. 95, ¶ 2).

Defendants' Counsel is referring to testimony by Brian Malta that Defendant Rick Slagle and Judge Marilyn Gerace were "best friends" and that this was "public knowledge" in the Village of Celoron. (O'Connor Affidavit, ¶ 2). The Court sustained Defendants' objections to this testimony.

6. In this Court's view, Brian Malta's testimony concerning Rick Slagle's alleged friendship with Judge Marilyn Gerace did not "poison" the jury or sway them to any degree. Indeed, the improper testimony is insignificant when considered against the backdrop of Plaintiffs' allegations against Rick Slagle that *were* admitted into evidence: For instance, Plaintiffs testified that Mayor Slagle accused Brian Malta of harassment and an act of terrorism; that Mayor Slagle frequently sat outside the Malta home and observed Plaintiffs' house; that Mayor Slagle wrongfully sought to prosecute Plaintiffs for operating a business from their home; and that Mayor Slagle distributed a defamatory newsletter about Brian Malta to the entire Village. Moreover, considering the testimony as a whole, the Jury's verdict was neither "seriously erroneous" nor a "miscarriage of justice." Accordingly, Defendants' Motion for a new trial is denied. <u>DLC Management Corp.</u>,163 F.3d at 133.

**B.     Motion to Reduce Damages on the Restriction of Free Speech Claim**

7.      Rule 59 of the Federal Rules of Civil Procedure permits a court to reduce the amount of damages awarded by a jury on a particular claim. See e.g. Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 50 (2d Cir. 1998); See also Minshall v. McGraw Hill Broadcasting Co., 323 F.3d 1273, 1287 (10th Cir. 2003).  "It is [the court's] function, while appropriately respecting the jury's crucial role, to guard against [] speculative damage awards." McIntosh v. Irving Trust Co., 887 F.Supp. 662, 665 (S.D.N.Y. 1995) (granting defendant's motion under Rule 59 and reducing award in retaliation case); see also Reiter v. Metropolitan Transp. Authority of New York, 2003 WL 22271223 at *8-9 (S.D.N.Y. 2003) (unreported decision granting defendant's motion under Rule 59 and reducing damages in Title VII case).  "It does not follow that simply because there was [a violation], there must be an award of compensatory damages; rather, the compensatory damages must be proven and not presumed." McIntosh, 887 F.Supp. at 665.

Defendants argue in part that Plaintiffs failed to offer any evidence of compensable damages in connection with their claim that Brian Malta was impermissibly restricted from speaking at a Village Board meeting on February 28, 2005. (O'Connor Affidavit, ¶ 3).  This Court agrees.  While there is substantial evidence to support the jury's conclusion that Defendants restricted Brian Malta's speech—in particular the audiotape of the February 28, 2005 Village Board meeting—there is insufficient evidence to support the jury award of $10,000 in compensatory damages suffered by Brian Malta as a result of this incident.

Although the restriction of Brian Malta's speech was a significant violation of his First Amendment rights, it is well established that "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in [§1983] cases." Memphis Community School Dist. v. Stachura, 477 U.S. 299,

310, 106 S.Ct. 2537, 2545, 91 L.Ed.2d 249 (1986). Accordingly, this Court finds that the jury award of $10,000 in compensatory damages is not supported by the evidence, and that pursuant to Rule 59(e) this amount should be reduced to $1 in nominal damages.

**C.    Motion to Vacate Award for the Emotional Distress of Valerie Malta**

8.     Defendants lastly contend the $7,500 award to Valerie Malta should be vacated because there was no expert medical testimony concerning her emotional distress. (O'Connor Affidavit, ¶ 6). The Second Circuit has explained that while "courts may award emotional distress damages in section 1983 cases . . . the mere fact that a constitutional deprivation has occurred does not justify the award of such damages." Patrolmen's Benevolent Ass'n. of City of New York v. City of New York ("PBA"), 310 F.3d 43, 55 (2d Cir. 2002).

In PBA the Second Circuit reasoned that

> [t]he damage award must be supported by competent evidence concerning the injury. A plaintiff's subjective testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages. Rather, the plaintiff's testimony of emotional injury must be substantiated by other evidence that such an injury occurred, such as the testimony of witnesses to the plaintiff's distress, *or the objective circumstances of the violation itself*. Evidence that a plaintiff has sought medical treatment for the emotional injury, while helpful, is not required.

Id. (emphasis added).

In the present case, Plaintiffs' failure to provide medical evidence of injuries does not preclude an award for emotional distress damages. However, Valerie Malta's testimony must be substantiated by other evidence, including the "objective circumstances of the violation itself." Id. Here, there was evidence of harassing conduct by Defendants which substantiated Valerie Malta's testimony concerning her anxiety and emotional distress. For instance, Valerie Malta testified that she frequently observed Mayor Slagle

5

parked on the street outside her house observing her property; and Brian Malta testified about an incident where he and his wife were confronted by police at their home and Brian Malta was accused of an act of terrorism against the Mayor. The jury could consider testimony about the circumstances of the violations to support Valerie Malta's testimony that she suffered from anxiety and panic attacks as a result of Defendants' actions.

In light of the testimony concerning the circumstances of Defendants' retaliation against Plaintiffs, this Court finds that there was sufficient evidence to substantiate Valerie Malta's subjective testimony concerning her emotional distress. Accordingly, Defendants' Motion to vacate the award of damages to Valerie Malta is denied.

9. For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendants' Motion for a New Trial and to Set Aside the Verdict or in the alternative to Alter or Amend the Judgment (Docket No. 95) is GRANTED in part and DENIED in part, consistent with the foregoing Decision and Order.

FURTHER, that the Judgment in this case is AMENDED such that the $10,000 amount awarded to Brian Malta for compensatory damages resulting from Defendants' restriction of his speech at a Village Board meeting is reduced to $1 in nominal damages.

FURTHER, that the Clerk of the Court is directed to enter an Amended Judgment consistent with this Decision and Order.

SO ORDERED.

Dated:     September 2, 2008
           Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge