UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN MALTA and VALERIE MALTA,

        Plaintiffs,

v.

RICHARD E. SLAGLE, et. al.,

        Defendants.

**DECISION AND ORDER**
05-CV-342S

1. On May 16, 2005, Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants had violated Plaintiffs' rights under the First Amendment, the Due Process Clause, and the Equal Protection Clause of the Constitution. (Docket No. 1). Plaintiffs (two residents of the Village of Celoron) alleged in their Complaint that Defendants (various officials of the Village of Celoron) had prevented Plaintiffs from videotaping or speaking at Village Board meetings; had retaliated against Plaintiffs for political reasons; and had initiated frivolous administrative enforcement actions against Plaintiffs.

2. On March 31, 2008, this Court dismissed a portion of Plaintiffs' First Amendment cause of action pertaining to Defendants' ban on videotaping, and found that Plaintiffs did not have a constitutional right to videotape public board meetings. (Docket No. 55). On June 13, 2008, Plaintiffs' counsel agreed to withdraw his equal protection and due process causes of action, and stated he would proceed only on the First Amendment cause of action alleging retaliation and denial of free speech. (Docket No. 79).

3. Following a jury trial conducted from June 17, 2008, through June 23, 2008, Plaintiffs were awarded damages totaling $22,500 on their claims for retaliation and denial of free speech. (Docket No. 88-89).

4.      Presently before the Court is Plaintiffs' Motion for an award of litigation costs and attorney's fees pursuant to 42 U.S.C. § 1988.  (Docket No. 94).

5.      Title 42 U.S.C. § 1988(b) provides that "In any action or proceeding to enforce a provision of [§ 1983,] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). Courts have also noted that "[a]lthough [§ 1988's] fee-shifting provision is couched in permissive terminology, awards in favor of prevailing civil rights plaintiffs are virtually obligatory." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001).

6.      As a threshold matter, a Plaintiffs must be a "prevailing party" to recover attorneys' fees under §1988.   "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-279 (1st Cir. 1978)).  It is then for the district court to determine what fee is " reasonable." Id.

7.      This Court finds that Plaintiffs are a "prevailing party" for the purposes of §1988 because they obtained a jury verdict in their favor on their claims that (1) Defendants retaliated against Plaintiffs for protected First Amendment activities; and (2) Defendants deprived Plaintiff Brian Malta of his rights under the First Amendment.

8.      The Court now turns to what fee is "reasonable."  Plaintiffs ask for $48,663 in attorney's fees and $1,526.25 in customary disbursements.  (Affirmation of David

Seeger, Esq. ("Seeger Affirmation"), Docket No. 94-2, ¶ 1).  Plaintiffs ask that this Court award fees using an hourly rate of $240 for work performed by David Seeger, Esq., and an hourly rate of $180 for work performed by Alison Odojewski, Esq.  (Seeger Affirmation, ¶¶ 5-6).  Defendants do not challenge these hourly rates in their opposition papers. (Affidavit of Gerard O'Connor, Esq. ("O'Connor Affidavit"), Docket No. 101).  Having reviewed Plaintiffs' submissions, and in light of case law upholding similar hourly rates, this Court finds that the requested hourly rates are reasonable for both Mr. Seeger and Ms. Odojewski.

9. Plaintiffs have submitted a detailed billing statement itemizing the time spent by their attorneys on various tasks related to this litigation.  (Docket No. 94-4).  Defendants argue that an award for attorney's fees should not include time spent on "non-meritorious aspects of this case" such as the videotaping claim—which was dismissed—and the due process and equal protection claims—which Plaintiffs withdrew before trial.  (O'Connor Affidavit, Docket No. 101, ¶¶ 4-8).

10. It is well established that a fully compensatory award of attorney's fees is justified, even where not all claims are successful, if the claims are "substantially intertwined." Dominic v. Consolidated Edison Co. of New York, Inc., 822 F.2d 1249, 1259-60 (2d Cir. 1987) (citing Hensley, 461 U.S. at 435).  The Court may award the total fee if it determines "that the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.'" Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996).

11. In the present case, the Court finds that Plaintiffs' successful First Amendment claims are substantially intertwined with Plaintiffs' unsuccessful claims relating

to videotaping, due process, and equal protection. Plaintiffs' entire case concerned a "common core of facts" wherein Plaintiffs alleged that Defendants prevented Plaintiffs from participating in Village Board meetings, retaliated against Plaintiffs for political reasons, and initiated frivolous administrative enforcement actions against Plaintiffs. (See e.g., Docket No. 1, Complaint). Plaintiffs alleged that this course of conduct by Defendants was in violation of their First Amendment, equal protection, and due process rights. Accordingly, because Plaintiffs' successful and unsuccessful claims were substantially intertwined and arose from a common set of facts, this Court finds that Plaintiffs are entitled to an award of attorney's fees for the total amount detailed by Plaintiffs' counsel in his Affirmation. See Reed, 95 F.3d at 1183.

12.   For the foregoing reasons,

IT HEREBY IS ORDERED, that Plaintiffs' Motion for an Award of Attorney's Fees (Docket No. 94) is GRANTED.

FURTHER, that Plaintiffs are awarded $48,663 in attorney's fees and $1,526.25 in customary disbursements.

FURTHER, that the Clerk of the Court is directed to enter Judgment consistent with this Decision and Order.

SO ORDERED.

Dated:   September 2, 2008
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge